## FORÉS v. REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Germán.

No. 78.—Decided December 23, 1910.

RECORD OF POSSESSORY PROCEEDING—CURABLE DEFECT.—In this case the registrar recorded the order of approval of a possessory proceeding had in the municipal court of San Germán, but noted as a curable defect that the certificate relating to the payment of taxes had reference to a property situated in *barrio* "Pueblo," while, according to his possessory papers, the estate was situatel in *barrio* "Oriental" of San Germán. An appeal having been taken from this decision it was reversed, and the registrar was ordered to enter the record without noting any defect.

The facts are stated in the opinion.

*Mr. Benito Forés* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case the registrar admitted the document to registration with the amendable defect that the "tax certificate" showed that the house was situated in *barrio* "Pueblo" and the *expediente* located it in *barrio* "Oriental" of San Germán. The document sought to be registered was the *expediente* of a possessory title under an order from the municipal court of San Germán.

The registrar bases his refusal on the fact that paragraph 4 of section 391 of the Mortgage Law provides that:

"For the institution of possessory proceedings there shall be presented a certificate clearly setting forth that the person interested pays the taxes as the owner of the property," etc.

The appellant contends that:

"The identification of the property has been really proven by the testimony of the witnesses and by the fact that taxes have been paid into the Insular Treasury in the form in which the Treasurer usually certifies to the payment of the same in his printed blank forms, while the prosecuting attorney and the judge who approved the possessory proceedings, in their respective opinions, have had no doubt concerning such identification; and, therefore, the registrar has no authority to pass upon the judicial decisions in so far as the consideration of the identification above-mentioned is coucerned."

Is not the registrar assuming judicial functions and should he not obey the order of the court and record the document?

In explanation of the discrepancy in the name of the *barrio* "Oriental" and "Pueblo," the appellant says that the town of San Germán is divided into three *barrios,* "Oriental," "Central" and "Occidental"; but the municipal district of San Germán includes, besides these urban *barrios,* various rural *barrios,* and that in the Treasury of Porto Rico these latter are designated by their respective names, but those in

the village are usually designated as "Pueblo," or town *barrios,* without distinguishing between the three. It does not appear that any *barrio,* in this municipal district or any other, bears the name "Pueblo"; and it is alleged that no mistake or confusion arises from the practice followed in the Treasury Department.

It seems to us that the ruling of the registrar should be reversed in so far as it contains said amendable defect.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.